**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MAGOMED SOLTAKHANOV,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. ED CV 26-5828 FMO (JDE)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On October 2, 2026, Magomed Soltakhanov ("petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1, "Petition"). Petitioner alleges that his re-detention by immigration officials violates the Due Process Clause of the Fifth Amendment. (See id. at ECF 2).

It appears the instant Petition is identical to a Petition that petitioner filed earlier on September 30, 2026, in Case No. 26-5801. The earlier Petition is still pending. (See, generally, Case No. 26-5801 Dkt.). "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). The first-to-file rule may be applied where, as here, "related

cases are pending before two judges of the same district." Olin Corp. v. Continental Cas. Co., 2011 WL 1337407, *2 (D. Nev. 2011); see also Gatlin v. United Parcel Service, Inc., 2018 WL 10161198, *3-4 (C.D. Cal. 2018) (explaining that first-to file rule can apply to two cases filed in the same district). The rule may be considered sua sponte. See Clayton v. District of Columbia, 36 F.Supp.3d 91, 94 n. 1 (D. D.C. 2014). "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). "Courts examine three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." Scholl v. Mnuchin, 483 F.Supp.3d 822, 825 (N.D. Cal. 2020) (internal quotation marks omitted).

Here, the threshold factors are satisfied. The instant action was filed second, albeit by two days. See, e.g., Intuitive Surgical, Inc. v. California Institute of Technology, 2007 WL 1150787, *2 (N.D. Cal. 2007) (applying the first-to-file rule to two actions that were "filed a few hours apart"). The two actions involve the same parties, and raise the same issue, namely, the lawfulness of petitioner's immigration detention beginning on September 17, 2026. Thus, the instant action is identical to the first-filed action in Case No. 26-5801. Accordingly, the court will apply the first-to-file rule and dismiss this action in the interest of efficiency and judicial economy.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT the Magistrate Judge's Report and Recommendation **(Document No. 12)** is hereby **vacated**. The above-captioned action is **dismissed without prejudice**.

Dated this 6th day of November, 2026.

/s/
Fernando M. Olguin
United States District Judge